# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHLOE A. LUCERO,

    Plaintiff,

v.                                                                           No. 2:19-cv-0042-RB-KRS

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Complaint for a Civil Case, filed January 17, 2019. (Doc. 1 (Compl.).)

## The Complaint

Plaintiff alleges:

The FBI has engaged in pattern of malicious conduct without just basis for a period of several years, including harassment, intimidation, abuse of interrogation, and recently its refusal to accept or investigate a criminal complaint, in violation of the equal protection clause of the U.S. Constitution.

These combine acts have caused plaintiff serious harm, and anguish.

By acting under color law and engaging in abuse of process the F.B.I. has intended to deprive plaintiff of right to Equal Protection which have been retaliatory to prevent or obstruct such complaints plaintiff has made, on behalf of other parties, and / or to which the F.B.I. may be party.

(Compl. at 4.[1])

Plaintiff prays for a Writ of Mandamus to force the FBI to show just cause for its past, and ongoing investigations against plaintiff, or drop such claims, and additionally to fulfill it's duties under 28 CFR 0.85, (a) (I) by conducting a candid investigation into plaintiff's claim of being victim of chemical weapons and human trafficking; et al.

---

[1] All spelling and/or grammatical errors are original to the Complaint.

(*Id.*) Plaintiff indicates the Court has federal question jurisdiction, because this case is a "Civil action for deprivation of rights" pursuant to 42 U.S.C. § 1983, and diversity jurisdiction.

**<u>Jurisdiction</u>**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 242 F.3d 388, at *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir. 1988) (brackets, quotation marks, and internal citations omitted)).

Plaintiff has not met her burden of showing that the Court has jurisdiction. "Sovereign immunity protects the United States and its agencies from being sued without their consent. The party asserting jurisdiction bears the burden of proving that sovereign immunity has been waived." *Impact Energy Res., LLC v. Salazar*, 693 F.3d 1239, 1244 (10th Cir. 2012) (citations omitted). Plaintiff has not shown that sovereign immunity has been waived.

The Court will dismiss the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

Because it is dismissing this case, the Court will deny Plaintiff's Application to proceed *in forma pauperis* as moot.

**IT IS ORDERED** that:

(i) this case is **DISMISSED without prejudice;** and

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed January 17, 2019, is **DENIED as moot.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE